# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

SEDRICK TASCO                                NO.: 19-00095-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Suppress (Doc. 21)** filed by Defendant
Sedrick Tasco. Defendant seeks to suppress all inculpatory statements obtained as
a result of and during his arrest. The Government filed an opposition. (Doc. 23). On
January 9, 2020, the Court held an evidentiary hearing. For the reasons stated
herein, the motion is **DENIED.**

## I. BACKGROUND

On November 14, 2018, Officer Jared Rivett of the East Baton Rouge Sheriff's
Office met with a confidential informant, who advised him that Defendant was selling
illegal narcotics from a motel room at the Home Towne Studios Motel. A controlled
purchase of narcotics was conducted. After the purchase, detectives applied for and
received a no-knock search warrant for the motel room. Later that day, the East
Baton Rouge Sheriff's Office's S.W.A.T. Team executed the warrant. The S.W.A.T.
team rendered the room safe and took Defendant into custody. At that point, Officer
Rivett advised Defendant of his constitutional rights under *Miranda v. Arizona.*
Defendant acknowledged that he understood the rights. The search of the room

1

revealed several illegal items. Defendant admitted that he possessed all the illegal items located and seized in the motel room.

## II. DISCUSSION

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that, to preserve the Fifth Amendment's privilege against self-incrimination, law enforcement officials must inform a suspect in custody of his right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to retain counsel or have counsel appointed for him.

In his written motion, Defendant argues that he was never advised of his right to remain silent or his right to have an attorney present during questioning. Defendant's argument is unpersuasive. "Generally, on a motion to suppress, the defendant has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of h[is] constitutional rights." *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001). In the case at hand, the Government provided evidence, in the form of Officer Rivett's testimony, that he advised Defendant of his constitutional rights. The Court finds Officer Rivett to be a credible witness. Defendant did not produce any evidence challenging Officer Rivett's credibility, and Officer Rivett's report, which he created contemporaneously, supports his testimony that he did provide Defendant with his *Miranda* rights. Accordingly, the Court concludes that Defendant was advised of his *Miranda* rights.

At the hearing, Defendant intimated, through counsel, that he did not understand his *Miranda* rights because he was allegedly intoxicated at the time that he was advised of them. Defendant bases this argument on Officer Rivett's statement that when he entered the motel room, marijuana was present in Defendant's pocket and that it appeared to have been recently smoked. However, Officer Rivett credibly testified that Defendant did not appear to be intoxicated when he was advised of his rights. Further, Defendant has not provided any physical or forensic evidence indicating that he was intoxicated during the relevant time. Accordingly, the Court finds that Defendant not only was advised of his *Miranda* rights, but also understood them.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Suppress (Doc. 21)** is **DENIED**.

Baton Rouge, Louisiana, this 21ˢᵗ day of January, 2020.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**