UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| SEDRICK TASCO | NO. 19-00095-BAJ-EWD |

### RULING AND ORDER

Before the Court is Defendant's **Motion to Suppress (Doc. 55).** The Government opposes Defendant's Motion. (Doc. 57). The matter came before the Court for an evidentiary hearing. For the reasons stated herein, the Motion is **DENIED.**

I.     BACKGROUND

On July 24, 2019, a Grand Jury returned a four-count Indictment against Defendant Sedrick Tasco. (Doc. 1). Count One charges Defendant with knowingly possessing firearms after previously being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (*Id.*). Count Two charges Defendant with knowingly and intentionally possessing with the intent to distribute heroin, marijuana, cocaine, and cocaine base in violation of 21 U.S.C. § 841(a)(1). (*Id.*). Count Three charges Defendant with knowingly possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*). Count Four charges Defendant with knowingly and

1

intentionally possessing Oxycodone, hydrocodone, and Alprazolam, in violation of 21 U.S.C. § 844(a). (*Id.*).

The Court previously denied Defendant's initial Motion to Suppress, wherein Defendant sought to suppress all inculpatory statements obtained as a result of and during his arrest based on the argument that he was not advised of his right to remain silent or to have his attorney present during questioning. (Doc. 28).

In the instant Motion to Suppress, Defendant seeks to suppress evidence seized as a result of an allegedly "illegal warrant" executed at Defendant's residence. (Doc. 55, p. 1). Defendant argues that on November 14, 2018, law enforcement Agents searched his residence based on a search warrant issued by a Louisiana state district court judge. (*Id.*). Defendant argues that the Affidavit undergirding the search warrant did not provide probable cause. (*Id.*).

The Government opposes Defendant's Motion, arguing that the state warrant application was sufficient. (Doc. 57). The Government asserts that the state district judge who granted the search warrant was justified in doing so because he had a substantial basis for concluding that probable cause existed. (*Id.* at p. 5).

## II.  LEGAL STANDARD

The task of the issuing judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). The duty

of a reviewing court is simply to ensure that the judge had a "substantial basis for . . . conclud[ing]" that probable cause existed. *Id.*

"A court generally will not second guess the [issuing judge's] determination regarding the existence of probable cause in granting a search warrant." *United States v. Trejo*, 492 F. Supp. 2d 659, 674 (W.D. Tex. 2007), *aff'd*, 378 F. App'x 441 (5th Cir. 2010). "Instead, [an issuing] judge's determination on probable cause is given 'great deference' by the reviewing court, *United States v. Ishmael*, 48 F.3d 850, 857 (5th Cir. 1995)[.]" *Id.* (internal quotations and citations omitted).

### III. DISCUSSION

The Court finds that the state court judge had a substantial basis for concluding that probable cause existed for the following reasons.

First, Defendant argues that the Affidavit did not address the Informant's credibility. Specifically, Defendant asserts that the Affidavit failed to indicate that the Informant provided truthful information in the past or was involved in other controlled buys resulting in the seizure of narcotics. (Doc. 55-1, p. 5). The law, however, does not require a magistrate judge to only consider information regarding a possible crime from an informant who previously provided evidence of a crime. The United States Court of Appeals for the Fifth Circuit has held that "absent specific reasons for police to doubt his or her truthfulness, an ordinary citizen, who provides information to police at a crime scene or during an ongoing investigation, may be

3

presumed credible without subsequent corroboration." *United States v. Blount*, 123 F.3d 831, 835 (5th Cir. 1997).

Second, Defendant contends that although Agent Rivett provided the Informant with pre-recorded East Baton Rouge Sheriff's Office funds, no reports indicate that the pre-recorded "buy money" was retrieved during the search and seizure of Defendant and his residence. (Doc. 55-1, p. 6). Defendant's argument is unpersuasive. The Affiant would not have been in a position at the time he applied for the search warrant to determine whether the Defendant was in custody of pre-recorded "buy money," because when drafting the Affidavit, the search had not yet been conducted. Whether "buy funds" were later found on the Defendant is not a relevant consideration at this juncture.

Third, Defendant takes issue with the fact that there were no audio or video recordings to corroborate the word of the Informant. (*Id.* at p. 7). Additionally, Defendant argues that the Affidavit lacked information indicating that anyone saw or monitored an interaction between the Informant and Defendant inside the residence. (*Id.* at p. 5).

In the Affidavit, Agent Rivett attests that he "maintained constant physical surveillance" as the Informant parked outside the motel, entered the motel room, exited shortly thereafter, entered his vehicle, and returned to a pre-determined meeting location. (Doc. 55-2, p. 2). Agent Rivett stated that the Informant then immediately surrendered an amount of heroin to him. (*Id.*). Agent Rivett attested

that he searched the Informant and his vehicle after completing the "controlled buy" and found him free of additional narcotics, money, or weapons. (*Id.*).

Probable cause does not require proof beyond a reasonable doubt; again, an issuing judge need only have a substantial basis for concluding that a search would uncover evidence of wrongdoing. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). The Court finds this standard to be satisfied despite the lack of video or audio surveillance.

Here, the Affidavit provides the following. The Informant contacted Agent Rivett and advised him that "Sedrick Tasco" was selling heroin from a motel room in the HomeTowne Studios located at 11140 N. Boardwalk Dr., Baton Rouge, Louisiana, 70816. (Doc. 55-2, p. 1). Through investigative process, Agent Rivett confirmed the identity of the individual as the Defendant. (*Id.*). Additionally, the Informant positively identified Defendant in a photograph. (*Id.*).

On November 14, 2018, Agent Rivett met with the Informant at a pre-determined meeting location. (*Id.*). Following a search of the Informant revealing that he and his vehicle were free of narcotics, money, and weapons, Agent Rivett provided the Informant with pre-recorded East Baton Rouge Sheriff's Office funds, Serial numbers JG344699993D, ML32815125F, MH39034095A, MK65568001C, to purchase the heroin. (*Id.* at p. 1–2). Following the transaction, the Informant advised Agent Rivett that he gave the Defendant the pre-recorded funds, and in exchange, the Defendant provided him with an amount of packaged heroin. (*Id.* at p. 2). The

5

Informant also advised Agent Rivett that there were additional heroin packages for sale inside the motel room. (*Id.*).

Taken together, the Court finds that the state court judge had a substantial basis for concluding that probable cause existed to justify the issuance of a warrant. *See Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). "Probable cause deals 'with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act[.]'" *Illinois v. Gates*, 462 U.S. 213, 241 (1983) (citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). Defendant's arguments may be more timely raised at trial. Accordingly, Defendant's Motion to Suppress (Doc. 55) will be denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Suppress (Doc. 55)** is **DENIED.**

Baton Rouge, Louisiana, this 29th day of April, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**